Filed  10/7/14  Ybarra v. Apartment Investment and Management Co. CA2/2
Opinion on remand

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| REYNA MARIE YBARRA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>APARTMENT INVESTMENT AND MANAGEMENT COMPANY,<br><br>Defendant and Appellant. | B245901<br><br>(Los Angeles County<br>Super. Ct. No. BC480377) |

APPEAL from an order by the Superior Court of Los Angeles County, Yvette M. Palazuelos, Judge.  Affirmed.

Call & Jensen, Julie R. Trotter, Melinda Evans; Holland & Hart, John M. Husband and Christina Gomez for Defendant and Appellant.

Lawyers for Justice, Edwin Aiwazian, Arby Aiwazian, Jill J. Parker, D. Elliot Gonzalez; Shenkman & Hughes, Kevin Shenkman; Gezoukian Law and Peter Gezoukian for Plaintiff and Respondent.

_____

Per order of the California Supreme Court, we have vacated and reconsidered our prior opinion in this case, filed March 13, 2014, in light of *Iskanian v. CLS Transportation of Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*).

Plaintiff and respondent Reyna Marie Ybarra (Ybarra) filed a representative claim for civil penalties under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.) against her former employer, defendant and appellant Apartment Investment and Management Company (Aimco). The parties' employment arbitration agreement contains a provision prohibiting either party from bringing class and representative actions. Aimco brought a motion to compel arbitration of Ybarra's PAGA claim on an individual basis. The trial court found the waiver provision unconscionable and unenforceable, and denied the motion to compel arbitration. Aimco appealed. In our prior opinion, we reversed the trial court's order denying Aimco's motion to compel arbitration. Following *Iskanian*, we now affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

After briefly working for and being fired by Aimco in 2002, Ybarra was rehired in January 2011, to work as a community manager for one of Aimco's apartment communities in Los Angeles. She was fired less than a year later in December 2011.

Upon commencement of Ybarra's second period of employment, the parties signed an arbitration agreement, providing that "Any Claim . . . shall be resolved by BINDING ARBITRATION ONLY, and NO COURT ACTION MAY BE BROUGHT BY EMPLOYEE or the Company to resolve any Claim." The agreement defines "Claim" as "any dispute, matter, controversy, demand, action, cause of action, or claim of any kind whatsoever by Employee or the Company relating to, arising out of, in connection with, or involving Employee's employment or termination of employment, whether for damages or for other legal or equitable relief, and whether arising under federal, state, or local law." The agreement further provides: "[A]ny class action, collective action, and/or other procedure for consolidation or joinder of Claims of multiple parties is prohibited. No arbitrator acting hereunder shall have the power to decide any class, collective, joined or consolidated claims. No Party to this Agreement

2

may attempt to proceed hereunder as a member or representative of any class, putative class, or group purporting to have similar Claims." The agreement provided that if a court found this waiver provision invalid, the entire agreement would be declared null and void as to the waived claims.

In March 2012, Ybarra filed a complaint against Aimco, alleging three claims: (1) a class claim under Labor Code section 1194 for alleged failure to pay overtime and minimum wages; (2) a PAGA claim for alleged violations of the Labor Code;[1] and (3) a claim under Business and Professions Code section 17200 for the same alleged violations of the Labor Code. Aimco twice unsuccessfully attempted to remove the case to federal court. Meanwhile, Ybarra voluntarily dismissed the first and third claims, leaving only the PAGA claim.

Aimco then filed the underlying motion to compel arbitration of Ybarra's "PAGA claim on an individual basis, effectively terminating the representative claim." The trial court denied the motion, finding that Ybarra had demonstrated a small amount of procedural unconscionability because the arbitration agreement was presented as a condition of employment, and had shown substantive unconscionability because the PAGA representative action waiver was unenforceable. Aimco then filed this appeal.

---

[1]     These alleged violations include Labor Code sections 510 and 1198 (unpaid overtime); 201 and 202 (wages not paid upon termination); 226, subdivision (a) (improper wage statements); 226.7 (missed rest breaks); 512 and 226.7 (missed meal breaks); 204 and 2800 (improper withholding of wages and nonindemnification of business expenses); and 1194, 1197 and 1197.1 (minimum wages not paid).

## DISCUSSION[2]

The dispute here involves the legal question of whether the parties' arbitration agreement—specifically, its prohibition of representative claims—is enforceable. *Iskanian* has now answered this question, and the answer is no.

With respect to PAGA claims, the California Supreme Court reached two conclusions in *Iskanian*. First, the court "conclude[d] that where, as here, an employment agreement compels the waiver of representative claims under the PAGA, it is contrary to public policy and unenforceable as a matter of state law." (*Iskanian, supra,* 59 Cal.4th at p. 384.) The court reasoned that because the PAGA was established for a public purpose, any agreement requiring the waiver of PAGA rights would harm the state's interests in enforcing the Labor Code and receiving the proceeds of civil penalties. (*Id*. at p. 383.) Second, the court "conclude[d] that California's public policy prohibiting waiver of PAGA claims, whose sole purpose is to vindicate the [Labor and Workforce Department] Agency's interest in enforcing the Labor Code, does not interfere with the FAA's [Federal Arbitration Act (9 U.S.C. § 1 et seq.] goal of promoting arbitration as a forum for private dispute resolution." (*Iskanian, supra,* at pp. 388–389.) The court reasoned that "the FAA aims to ensure an efficient forum for the resolution of *private* disputes, whereas a PAGA action is a dispute between an employer and the state Agency." (*Id*. at p. 384.)

Given the conclusions reached by the California Supreme Court in *Iskanian*, we are bound to find that the representative action waiver in the parties' arbitration agreement is unenforceable as a matter of law. That Aimco sought to compel arbitration of Ybarra's PAGA claim on an individual basis is of no moment. While *Iskanian* did not decide "whether or not an individual claim is permissible under the PAGA," (*Iskanian, supra,* 59 Cal.4th at p. 384), Ybarra does not seek to bring her PAGA claim on an individual basis.

---

[2] We deny Ybarra's motion to dismiss the appeal. We find no merit to her argument that Aimco's motion to compel arbitration of her PAGA claim was in actuality an unappealable motion to dismiss.

4

**DISPOSITION**

The trial court's order denying Aimco's motion to compel arbitration is affirmed. Ybarra is entitled to recover her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
            ASHMANN-GERST


We concur:


_____, P. J.
      BOREN


_____, J.[*]
      FERNS

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.